# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURITTA D. WALLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>GREYHOUND LINES, INC.,<br>FIRST TRANSIT, INC.,<br>FIRST GROUP AMERICA, INC., and<br>DOES 1 TO 100,<br><br>  Defendants. | Case No. 2:19-cv-03448-JWH-Ex<br><br>**ORDER REGARDING:<br>(1) PLAINTIFF'S MOTION TO ADMIT EXHIBIT 17 [ECF No. 129];<br>(2) PLAINTIFF'S MOTION TO ADMIT EXHIBITS 23 AND 146 [ECF No. 133]; AND<br>(3) DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [ECF No. 140]** |

## I. INTRODUCTION

Before the Court are the following three matters: (1) the motion of Plaintiff Mauritta Wallis to admit Trial Exhibit No. 17 into evidence;[1] (2) Wallis's motion to admit Trial Exhibit Nos. 23 and 146 into evidence;[2] and (3) the request by Defendant Greyhound Lines, Inc., for judicial notice of certain information[3] (jointly, the "Motions"). The Court finds the Motions appropriate for resolution without a separate hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. The Court addresses each of the Motions in turn.

## II. DISCUSSION

### A. Motion Re: Exhibit 17

Trial Exhibit 17 consists of an August 26, 2019, email from Beatrice Boulden, a Greyhound employee, to Leonard Weaver, the Regional Vice President of the Amalgamated Transit Union, Local 1700.[4] In that email, Boulden complains to Weaver that she overheard Jorge Ochoa, the manager of the Los Angeles terminal, make racially charged comments in Spanish to another Spanish-speaking employee.[5] Greyhound timely objected to the admission of Exhibit 17 on the grounds of relevance, improper character evidence, lack of foundation, and hearsay.[6] In her Motion, Wallis contends that Exhibit 17 is admissible non-hearsay because it is offered to show "that the comment was made, that [Greyhound] was on notice of the racial tensions

---

[1] Pl.'s Pocket Br. Re: Admissibility of Ex. No. 17 (the "Motion Re: Exhibit 17") [ECF No. 129].
[2] Pl.'s Trial Br. Requesting Admission of Exs. 23 and 146 (the "Motion Re: Exhibits 23 & 146") [ECF No. 133].
[3] Def.'s Req. for Judicial Notice (the "Request") [ECF No. 140].
[4] *See* Joint Second Am. Ex. List (the "Exhibit List") [ECF No. 121] ¶ 17.
[5] *See* Motion Re: Ex. 17 at 2:17–3:15.
[6] *See* Exhibit List ¶ 17.

creating a hostile work environment, and to show state of mind."[7] Greyhound opposes the instant motion and renews its objections to Exhibit 17.[8]

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court concludes that Exhibit 17 is not relevant to any fact of consequence in this action. It is undisputed that Greyhound terminated Wallis's employment in April 2018.[9] Thus, Boulden's August 2019 email is not relevant to any fact of consequence in this action, nor is it relevant to show Greyhound's notice of Ochoa's alleged racial discrimination ***prior*** to Wallis's termination.

Accordingly, Greyhound's objection to Exhibit 17 is **SUSTAINED**.

**B.** **Motion Re: Exhibits 23 and 146**

Exhibit 23 consists of a medical report prepared by Thomas Curtis, M.D., on November 2, 2018, following an examination and consultation with Wallis on October 23, 2018[10] (the "November 2018 Report").[11] Exhibit 146 consists of a medical report prepared by Dr. Curtis on May 17, 2019, following an examination and consultation with Wallis on April 26, 2019[12] (the "May 2019

---

[7] Motion Re: Ex. 17 at 2:10–13.
[8] *See generally* Def.'s Opp'n to Admission of Ex. 17 (the "Exhibit 17 Opposition") [ECF No. 134].
[9] *See* Joint Stip. Re Facts Deemed Established [ECF No. 117] ¶ 1.
[10] *See* Motion Re: Exs. 23 & 146 at 2:17–19. In her motion, Wallis erroneously lists the date of the examination as "October 23, 2019."
[11] The November 2018 Report consists of the pages bearing production numbers W264 through W274.
[12] *See* Trial Ex. 146 at production number C207.

Report").[13] Greyhound objects that both reports constitute inadmissible hearsay.[14] Greyhound further objects that, assuming *arguendo* that the reports are admissible under an exception to the hearsay rule, the statements of Dr. Curtis regarding legal issues or conclusions therein are inadmissible under Rules 602 and 702 through 705.[15]

        As relevant here, Rule 803(4) provides a hearsay exception for statements made for the purposes of medical treatment or diagnosis, except to the extent that any such statement asserts a legal conclusion. *See Roberts v. Hollocher*, 664 F.2d 200, 204 (8th Cir. 1981); *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 278 (5th Cir. 1991) ("[t]he doctors stated that they only needed to know that Rock had twisted his ankle; they did not need to know the additional detail that Rock may have twisted the ankle while stepping through a rusted-out or defective step or by slipping in some grease in order to diagnose or treat Rock's injury"). Likewise, Rule 803(6) "provides a hearsay exception for records kept in the course of *any* regularly conducted business activity," which includes hospitals and other medical practices. *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) (emphasis in original). These kinds of records, however, often present multiple layers of hearsay. "Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person." *Id.* "If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6)." *Id.* However, "if the source of information

---

[13]     Exhibit 146 contains numerous documents; however, Wallis appears to seek admission of only the May 2019 Report. The May 2019 Report consists of the pages bearing production numbers C205 through C214.

[14]     *See* Def.'s Opp'n to Admission of Exs. 23 and 146 [ECF No. 135] at 4:6–6:18.

[15]     *See id.* at 6:19–7:23.

-4-

is an outsider, Rule 803(6) does not, by itself, permit the admission of the business record." *Id.* Instead, the outsider's statements must fall within another hearsay exception. *Id.* Under Rule 805, all levels of hearsay must satisfy a hearsay exception before the statement is admissible. Fed. R. Evid. 805.

The Court concludes that the November 2018 Report and the May 2019 Report are admissible under Rule 803(6). The statements attributed to Wallis in those reports also are admissible under Rule 803(4), except to the extent that those statements assert a legal conclusion (*e.g.*, that she was distressed due to "racial discrimination" and "wrongful termination"[16]).

Accordingly, Greyhound's objections to Exhibits 23 and 146 are **OVERRULED, in part**, and **SUSTAINED, in part**, as set forth herein.

C. **Request for Judicial Notice**

At trial, the Court admitted into evidence the complaint from Wallis's April 2014 lawsuit against Greyhound[17] and Wallis's acceptance of Greyhound's offer to compromise that lawsuit.[18] Greyhound now requests that the Court take judicial notice of Greyhound's offer to compromise the 2014 lawsuit, as well as the offers to compromise made by Jorge Ochoa and Al Rodriguez.[19] Greyhound contends that the respective offers to compromise are relevant to "motivation, bias, and prejudice"[20] and to Wallis's "valuation of her prior dispute and why she returned to work at Greyhound after [the 2014] lawsuit was filed and resolved."[21] Greyhound further contends that the offers are relevant to show Wallis and Ochoa's "working relationship and ability to continue working

---

[16]     *See* Trial Ex. 146 at production number C209.
[17]     *See* Trial Ex. 132.
[18]     *See* Trial Ex. 133.
[19]     *See* Request 2:2–19.
[20]     *Id.* at 2:16.
[21]     *Id.* at 2:17–18.

thereafter."[22]  Wallis opposes Greyhound's Request on the ground that a compromise agreement is inadmissible under Fed. R. Evid. 408.[23]

A court *may* take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  However, a court may not take judicial notice of a fact that is "subject to reasonable dispute."  Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

In her Opposition, Wallis does not deny the accuracy or authenticity of the respective offers to compromise.  Instead, she objects that Rule 408 precludes evidence of offers to compromise.  Based upon the limited probative value of the offers to compromise, and in view of the fact that the offers were not filed in the 2014 litigation, the Court declines to take judicial notice of the offers to compromise.

Accordingly, Greyhound's Request is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     Greyhound's objection to Exhibit 17 is **SUSTAINED**, and Wallis's motion pertaining thereto is **DENIED**; that document is not admitted into evidence.

2.     Greyhound's objections to Exhibits 23 and 146 are **OVERRULED, in part**, and **SUSTAINED, in part**, as set forth herein; Wallis's motion pertaining to these documents is likewise **GRANTED, in part**, and **DENIED, in part**.  Exhibits 23 and 146 are **RECEIVED** into evidence only for the purposes described above.

---

[22]     *Id.* at 2:18–19.
[23]     *See* Pl.'s Opp'n to the Request [ECF No. 141].

-6-

3. Greyhound's Request for Judicial Notice is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 26, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE