JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURITTA D. WALLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>GREYHOUND LINES, INC.,<br>FIRST TRANSIT, INC.,<br>FIRST GROUP AMERICA, INC., and<br>DOES 1 TO 100,<br><br>    Defendants. | Case No. 2:19-cv-03448-JWH-Ex<br><br>**JUDGMENT** |

Pursuant to the "Memorandum of Decision Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure" entered substantially contemporaneously herewith, and in accordance with Rule 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. §§ 1332(a) & 1441.

2. The parties are:
   a. Plaintiff Mauritta D. Wallis ("Plaintiff Wallis"); and
   b. Defendants Greyhound Lines, Inc. ("Defendant Greyhound"); First Transit, Inc.; FirstGroup America, Inc.; and Does 1 to 100.

3. The operative pleadings are:
   a. Plaintiff Wallis's Complaint [ECF No. 1-2 at 3-11]; and
   b. Defendants' Answer to Plaintiff's Complaint [ECF No. 1-3 at 2-17].

4. Defendants First Transit, Inc. and FirstGroup America, Inc. were **DISMISSED** from this action on or about October 30, 2020.

5. Fictitiously named Defendants Does 1 to 100 were **DISMISSED** from this action on or about June 9, 2021.

6. On Plaintiff Wallis's first claim for relief for "Wage and Hour Violations," Defendant Greyhound shall have **JUDGMENT** in its favor, and Plaintiff Wallis shall take nothing by way of this claim.

7. On Plaintiff Wallis's second claim for relief for "Rest Break Violations," Defendant Greyhound shall have **JUDGMENT** in its favor, and Plaintiff Wallis shall take nothing by way of this claim.

/ / /

/ / /

8. On Plaintiff Wallis's third claim for relief for "Meal Break Violations," Defendant Greyhound shall have **JUDGMENT** in its favor, and Plaintiff Wallis shall take nothing by way of this claim.

9. On Plaintiff Wallis's fourth claim for relief for "Waiting Time Penalty," Defendant Greyhound shall have **JUDGMENT** in its favor, and Plaintiff Wallis shall take nothing by way of this claim.

10. On Plaintiff Wallis's fifth claim for relief for "Unfair Competition," Defendant Greyhound shall have **JUDGMENT** in its favor, and Plaintiff Wallis shall take nothing by way of this claim.

11. On Plaintiff Wallis's sixth claim for relief for "Employment Discrimination in Violation of the Fair Employment and Housing Act," Defendant Greyhound shall have **JUDGMENT** in its favor, and Plaintiff Wallis shall take nothing by way of this claim.

12. On Plaintiff Wallis's seventh claim for relief for "Racial Harassment in Violation of the Fair Employment and Housing Act," Plaintiff Wallis shall have **JUDGMENT** in her favor and against Defendant Greyhound in the total amount of $375,000 (consisting of compensatory damages of $125,000 and punitive damages of $250,000).

13. Other than potential post-judgment remedies (including those provided in Rule 54(d) of the Federal Rules of Civil Procedure), to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 30. 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE